UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN STEVEN SPISAK,<br><br>  Petitioner,<br><br>  v.<br><br>STATE OF NEVADA, et. al.<br><br>  Respondents. | Case No. 3:12-cv-00588-MMD-VPC<br><br>ORDER |

Petitioner, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed *in forma pauperis* (dkt. no. 1) and a petition for a writ of habeas corpus (dkt. no. 1-1). The Court finds that petitioner is unable to pay the filing fee. The Court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to do two things. First, he will need to show cause why the Court should not dismiss this action for failure to exhaust his available state-court remedies. Second, he will need to submit an amended petition.

Petitioner's use of the form for a habeas corpus petition pursuant to 28 U.S.C. § 2241 is incorrect. Petitioner is in custody pursuant to a state-court judgment of conviction. Consequently, 28 U.S.C. § 2254 is the governing law, even though petitioner appears to be challenging a prison disciplinary proceeding and not the validity of the conviction itself. The Court will send the correct form to petitioner.

1  Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

The petition appears to be unexhausted. At page 3 of the petition, when asked why he did not appeal to the highest state court, petitioner states that this was a disciplinary hearing in prison. Disciplinary hearings are not exempt from the exhaustion requirement of § 2254(b). Furthermore, petitioner dated his petition November 1, 2012. Attached to the petition are documents from petitioner's prison disciplinary proceedings. Apparently, the incident at issue occurred on August 25, 2012, petitioner dated his grievance on September 8, 2012, and petitioner noted on his copies of the appeal documents that prison officials did not respond after forty-five days, or by October 23, 2012. If petitioner filed a state-court challenge to the outcome of the prison disciplinary proceedings, that state-court challenge could not have concluded in the week between the time the response was due and the dating of his federal habeas corpus petition. Even at this date, it is unlikely that the state-court challenge would have concluded. Petitioner will need to show cause why the Court should not dismiss this action.

Assuming for the moment that petitioner can show cause for the apparent lack of exhaustion, the petition is defective. Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts "provides that the petition must 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Ground 1 does not meet that standard. Petitioner simply refers the Court to pages 14 through 23 of his appeal documents. Those pages themselves refer to other documents that the Court does not possess. The Court will not write ground 1 for petitioner. Petitioner will need to allege

///

in the body of the amended petition itself the facts that could indicate that the prison disciplinary proceeding violated his constitutional rights.

Ground 2 is a claim that the prison officials violated the Due Process Clause of the Fourteenth Amendment because they did not answer petitioner's grievance that appealed from the disciplinary proceeding. Ground 2 is defective for two reasons. First, the form that petitioner used is for a first-level grievance. According to Administrative Regulation 740.03(8)(B),[1] petitioner could have proceeded to the next level when the response became overdue. Second, petitioner has no constitutionally protected right to an effective prison grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (order). If there were constitutional problems with the prison disciplinary proceedings, then relief might be warranted, but the lack of a response to the grievance, by itself, does not warrant relief. Petitioner will need to omit ground 2 from his amended petition.

Petitioner has submitted a motion for indigent legal copies to prosecute writ of habeas corpus. The request is premature. Petitioner first needs to show cause why the Court should not dismiss the action. Petitioner also needs to submit an amended petition, for which the Court will provide him a form. If the Court does not dismiss the action, then it might consider a request to provide indigent photocopying services.

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* (dkt. no. 1) is GRANTED. Petitioner need not pay the filing fee of five dollars ($5.00).

IT IS FURTHER ORDERED that the Clerk of the Court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the Court should not dismiss this action for

---

[1] The regulation is available at http://www.doc.nv.gov/sites/doc/files/pdf/AR740.pdf (last visited April 29, 2013).

3

petitioner's failure to exhaust his available state-court remedies.  Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that the Clerk of the Court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies.  Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 3:12-cv-00588-MMD-VPC, above the word "AMENDED."

IT IS FURTHER ORDERED that the Clerk file the motion for indigent legal copies, which is docketed as a motion for appointment of counsel.

IT IS FURTHER ORDERED that the motion for indigent legal copies is DENIED.

DATED THIS 30th day of April 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE